# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8109 | **DATE** | 6/8/2000 |
| **CASE TITLE** | Hudson vs. Sheahan et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/8/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant Michael Sheahan's motion (Doc 14-1) to dismiss is granted. All other pending motions, if any, are denied. All discovery to be completed by August 8, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 6-9-00 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 17 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL HUDSON, A.K.A., WILLIAM HILL | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | 99 C 8109 |
| MICHAEL SHEAHAN SHERIFF CC., and DAVE FULLER #3638, and DONALD CHRISTIE #253, and PATRICK MCINERNEY, DEPUTY SHERIFF, all sued in their individual and official capacity, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is the Motion of Defendant Michael Sheahan to Dismiss the complaint of Plaintiff Wendell Hudson a/k/a William Hill ("Plaintiff"). For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff filed this pro se complaint, alleging that Defendants violated his constitutional rights by physically abusing him while he was in custody at the Cook County Department of Corrections facility located at the courthouse at 2650 South

California in Chicago. Named defendants are Michael Sheahan, the Sheriff of Cook County and the movant ("Sheahan"), and the officers allegedly involved: Dave Fuller ("Fuller"), Donald Christie ("Christie), and Deputy Sheriff Patrick McInerney ("McInerney"). Sheahan argues that the complaint does not sufficiently allege that he committed any actionable wrong, and has moved to dismiss any counts directed towards him.

We have gleaned the following facts from Plaintiff's complaint, the allegations of which we must assume to be true for purposes of this motion. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). On December 9, 1997, while incarcerated at the Cook County Courthouse, Christie, Fuller, and other Sheriffs kicked, stomped, struck and choked plaintiff while he lay prone on the floor. Plaintiff was then handcuffed by Christie, was picked up and rammed headfirst into several walls and a steel gate. He was then taken to a cell, and the handcuffs were removed. The deputies then terrorized Plaintiff for more than six hours by chanting "KKK" (seemingly for Ku Klux Klan), having someone walk into the cell with a white cloth over his head, and calling Plaintiff racially-derogatory names. As a result of these activities, Plaintiff claims he sustained significant and permanent injuries.

Plaintiff claims that the physical abuse was continued by the next shift of deputies, none of whose names are known to him. Again, Plaintiff was handcuffed,

kicked, hit, and rammed into a wall. At this time, Plaintiff also claims he was threatened by a police dog and his hands were yanked by a deputy in such a way as to cause permanent damage to Plaintiff's left hand. Plaintiff claims he was thereafter given inadequate medical care and deprived of food.

Somewhere between the two incidents, two deputies took Plaintiff to a sheriff's station at 35th Street and California Avenue in Chicago, where he was charged with assaulting and obstructing a police officer. The charges were later dismissed. While in transit, Plaintiff claims McInerney pointed his firearm at Plaintiff's head and threatened to kill him for attempting to steal his weapon.

These events form the basis of Plaintiff's suit, which he filed in December of 1999, claiming that Defendants violated his Civil and Constitutional rights. On April 26, 2000, Sheahan moved that we dismiss him from the case pursuant to Fed. R. Civ. Proc. 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff

and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. See Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. See Fed.R.Civ.P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we address the motion before us.

## ARGUMENT

One of the cornerstones of our society is that the police enforce the laws, triers of fact determine guilt, and the courts determine the appropriate punishment for indicted criminals, who are adjudicated guilty of the crimes for which they are charged. When a criminal suspect enters into the inner sanctum of a police station he falls under the complete control of the authorities. While in custody that suspect is without protection and too often courts are presented with actions against officers by criminal suspects who claim that the police inflicted their version of street justice upon them. If proven, such actions are reprehensible violations of bedrock constitutional guarantees, which are more typical of dictatorships and other police states than our constitutional democracy.

In police brutality cases, plaintiff often seeks to hold liable police supervisors who did not participate in the beatings. However, the law does not cast a wide net over police supervisors based solely upon hierarchy, but requires some degree of causation.

Such a situation is presented in this case, where Plaintiff seeks to hold Sheahan, the Sheriff of Cook County, liable for several beatings allegedly inflicted upon Plaintiff by the defendant officers. Our review of Plaintiff's complaint convinces us that Plaintiff brings suit against Sheriff Sheahan in both his official

capacity, and as an individual. Sheahan has moved to dismiss any claims directed towards him, so we will examine in turn the propriety of each possible variety of claim.

## I. Official Capacity

It is well settled that to adequately plead a cause of action under Section 1983, plaintiff must allege that: (1) the conduct complained of must have been committed by defendant under color of state law; and (2) the conduct must have deprived plaintiff of his rights, privileges or immunities that are secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981). Actions against a government officer that are directed towards him in his official capacity are in fact claims against the government entity for which the officer works. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985). Thus, the government entity must be "a moving force behind the deprivation," and the standard for municipal liability applies. See Graham, 473 U.S. at 165-66. Accordingly, to properly plead a cause of action against Sheahan in his official capacity, Plaintiff must show that he was injured as the result of an official policy, custom, or practice. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-94, 98 S.Ct. 2018 (1978). While there is no heightened pleading standard for Section 1983 cases, see Leatherman v. Tarrant County Narcotics Intelligence and

Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), plaintiff must still allege particular facts in his complaint that sufficiently orient defendant to the gist of plaintiff's claimed injury. See Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 736 (7th Cir. 1994).

There are three situations the Seventh Circuit recognizes as sufficient to plead a civil rights deprivation by way of a policy:

> (1) an express policy that, when enforced, causes a constitutional deprivation...; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law...; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority...

Baxter, 26 F.3d at 734-35 (citations omitted). Sufficiently pleading the existence of a government policy may be achieved by alleging that the government entity or officer directly engaged in improper conduct, or by alleging a sequence of improper acts which lead to the inference that the governmental policymakers should have known what was happening, and by virtue of their inaction, is held liable for the misconduct of the lower-level officers. See Jackson v. Marion Cty., 66 F.3d 151, 152-53 (7th Cir. 1995).

While we read a pro se litigant's complaint with a more forgiving eye, we nonetheless believe that Plaintiff here has failed to allege a Section 1983 case against

Sheahan in his official capacity. Plaintiff has not made any policy-type allegations, nor has he plead the requisite series of bad acts. Further, there are no allegations that Sheahan or Cook County directly engaged in any improper conduct. Accordingly, Plaintiff has failed to allege an actionable deprivation of his rights by Sheahan in his official capacity, and we will turn our eye to whether he has made out a claim against Sheahan as an individual.

## II. Individual Capacity

For Section 1983 claims within in the Seventh Circuit, "plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Liability based solely upon the theory of respondeat superior is insufficient to fulfill the personal responsibility requirement. See Jones v. City of Chicago, 856 F.2d 985, 992 (9th Cir. 1988). Plaintiff may establish personal liability through allegations that his constitutional injury was caused at defendant's direction, or with his knowledge or consent. See Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985). Put another way, defendant must be aware of the conduct, somehow enable it, approve of it, or pretend it does not exist. See Jones, 856 F.2d at 992. Legal conclusions that are bereft of any well-plead facts are insufficient to allege a Section 1983 claim. See McTigue v. City of Chicago, 60 F.3d 381, 382-83 (7th Cir. 1995).

Plaintiff's complaint alleges a host of abusive actions by the other named defendants, but mentions Sheahan only once, when Plaintiff claims Sheahan failed to properly protect the plaintiff or properly supervise his deputies. There are no allegations that Sheahan was physically present during the alleged beating, much less that he actually participated in inflicting physical punishment upon Plaintiff. Nor does Plaintiff plead specific facts tending to show that Sheahan was aware of the conduct, somehow enabled it, approved of it, or pretended it was not happening. Indeed, the only apparent basis for Sheahan's liability is that impugned to him under the theory of respondeat superior. Because the complaint does not contain allegations sufficient to plead under federal standards that Sheahan was personally responsible for the deprivation of Plaintiff's constitutional rights, in addition to its failure to adequately plead an official capacity claim against Sheahan, we grant Sheahan's motion to dismiss with prejudice for all claims directed against him.

## CONCLUSION

For the reasons set forth above, Defendant Michael Sheahan's motion to dismiss is granted.

Charles P. Kocoras
United States District Judge

Dated: June 8, 2000